1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  J & J SPORTS PRODUCTIONS, INC.,              No. C 13-2048 SI

12              Plaintiff,                       **ORDER GRANTING DEFENDANT**
                                                 **SANCHEZ'S MOTION TO SET ASIDE**
13      v.                                       **DEFAULT AND DENYING WITHOUT**
                                                 **PREJUDICE PLAINTIFF'S MOTIONS**
14  JAMES RICHARD SANCHEZ, individually and      **FOR DEFAULT JUDGMENT**
    d/b/a Casa Sanchez Restaurant; and FAMILIA
15  SANCHEZ ENTERPRISES, an unknown
    business entity and d/b/a Casa Sanchez
16  Restaurant,

17              Defendant.
                                            /
18

19          The motion by plaintiff J & J Sports Productions, Inc. ("J & J") for default judgment and the

20  motion by defendant James Richard Sanchez to set aside default are scheduled for hearing on December

21  10, 2013.  Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate

22  for resolution without oral argument and VACATES the hearing.  For the reasons set forth below, the

23  Court GRANTS defendant James Sanchez's motion to set aside default and DENIES WITHOUT

24  PREJUDICE plaintiff J & J's motions for default judgment.

25

26                                    **BACKGROUND**

27          Plaintiff, the exclusive licensor of the rights to exhibit certain closed circuit and pay-per-view

28  sports programming, brought suit against defendant James Richard Sanchez, individually and d/b/a Casa

United States District Court

For the Northern District of California

Sanchez Restaurant, operating at 2778 24th Street, San Francisco, CA, and defendant Familia Sanchez Enterprises ("Familia Sanchez"), an unknown business entity and d/b/a Casa Sanchez Restaurant. Plaintiff alleges it secured the domestic commercial exhibit rights to broadcast and license *Floyd Mayweather Jr. v. Miguel Cotto, WBA Super World Light Middleweight Championship Fight Program*, including the undercard bouts and commentary ("the Program"). Compl. ¶ 16. The complaint alleges that the defendants showed the Program in their establishment without a license. *Id.* ¶¶ 9-12. Plaintiff's complaint alleges that defendants are liable under the Federal Communications Act, 47 U.S.C. § 605 *et seq.*, for receiving, intercepting and assisting in the receipt or interception of licensed programming. *Id.* ¶¶ 15-24. The complaint also alleges claims for conversion and violation of California Business and Professions Code Section 17200. *Id.* ¶¶ 30-43.

On May 2, 2013, J & J filed a complaint against the defendants, who never responded. Docket No. 1, Compl. The Clerk entered default against defendant Familia Sanchez on July 15, 2013 and entered default against defendant James Sanchez on August 15, 2013. Docket Nos. 12, 20. Subsequently, J & J filed a motion for default judgment against Familia Sanchez and a motion for default judgment against James Sanchez. Docket Nos. 13, 21.

On August 30, 2013, the Court held a hearing on plaintiff's motion for default judgment against Familia Sanchez. Defendant James Sanchez appeared at the hearing, and the Court ordered the parties to speak with each other and continued the hearing. On October 11, 2013, Mr. Sanchez again appeared at the hearing and stated that he would file a motion to set aside default. On October 30, 2013, Mr. Sanchez filed the present motion to set aside default. Docket No. 29. To date, J & J has not filed an opposition to Mr. Sanchez's motion.

## DISCUSSION

### I.     Defendant James Sanchez's Motion to Set Aside Default

Pursuant to Federal Rule of Civil Procedure 55(c), a district court may set aside the entry of default upon a showing of good cause. Fed. R. Civ. P. 55(c). To determine "good cause," a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default

1    judgment would prejudice the other party. *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

2    "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient

3    reason for the district court to refuse to set aside the default." *Id.*  However, even if one of the factors

4    goes against the defendant, the Court may still exercise its discretion and grant the motion. *See Brandt*

5    *v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1112 (9th Cir. 2011) ("A district court may exercise its

6    discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability,

7    but need not.").  In considering a motion to set aside default, a court should bear in mind that "judgment

8    by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible,

9    be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  A district court's

10   determination of whether to set aside the entry of default pursuant to Rule 55(c) is reviewed for abuse

11   of discretion.  *Mesle*, 615 F.3d at 1091.

12        Here, all three factors weigh in favor of setting aside default.  "'[A] defendant's conduct is

13   culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed

14   to answer.'"  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in

15   original).  "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable

16   simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable,

17   the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party,

18   interfere with judicial decisionmaking, or otherwise manipulate the legal process.'"  *Mesle*, 615 F.3d

19   at 1092.  Defendant James Sanchez has not acted in bad faith in failing to answer.  Mr. Sanchez

20   contends that he was not properly served with the complaint and states that he did not learn about the

21   lawsuit until August 15, 2013.  Docket No. 29 at 2.  Once he was notified of plaintiff's complaint, Mr.

22   Sanchez contacted the Court's Legal Help Center and then plaintiff's counsel.  *Id.*  Mr. Sanchez has

23   engaged in settlement discussions to resolve the action and has appeared at the two hearings on

24   plaintiff's motions for default judgment prior to filing the present motion to set aside default.

25        In addition, Mr. Sanchez has provided the Court with specific facts that would constitute a

26   meritorious defense.  The Ninth Circuit has explained that the "meritorious defense" requirement "'is

27   not extraordinarily heavy.'"  *Mesle*, 615 F.3d at 1094.  "All that is necessary to satisfy [the] requirement

28   is to allege sufficient facts that, if true, would constitute a defense."  *Id.*  Here, Mr. Sanchez states that

he does not own the restaurant Casa Sanchez and was not present when the Program aired.  Docket No. 29 at 2, 4.  These facts, if true, constitute a defense to plaintiff's claims.

Moreover, there is no evidence that plaintiff would be prejudiced by setting aside the default against Mr. Sanchez.  To be prejudicial, the setting aside of default must result in greater harm than simply delaying resolution of the case.  *TCI Group*, 244 F.3d at 701.  Here, there is no evidence of any harm to plaintiff other than delay.  Indeed, plaintiff has not filed an opposition to Mr. Sanchez's motion.  Accordingly, the Court grants defendant James Sanchez's motion to set aside default.

## II.   Plaintiff's Motion for Default Judgment Against James Sanchez

J & J moves for the entry of default judgment against defendant James Sanchez.  Docket No. 21.  The "entry of default by the clerk is a prerequisite to an entry of default judgment."  *Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004).  Because the Court sets aside the entry of default as to defendant James Sanchez, the Court denies without prejudice plaintiff's motion for default judgment against him.

## III.   Plaintiff's Motion for Default Judgment Against Familia Sanchez

J & J has also moved for default judgment against defendant Familia Sanchez.  Docket No. 13.  In *Frow v. De La Vega*, the Supreme Court cautioned that a court should not enter a default judgment against a defendant that is, or is likely to be, inconsistent with a judgment on the merits as to the other remaining defendants.  82 U.S. 552, 554 (1872).  Therefore, where the defendants are jointly liable or similarly situated, and one of them defaults, "judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."  *In re First T.D. & Invest., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow*, 82 U.S. at 554); *see also Shanghai Automation Instrument CO. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001) ("*Frow*'s applicability turns not on labels such as 'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform.").

Here, the defendants are similarly situated.  Plaintiff alleges the same facts and causes of action against the two defendants.  *See* Compl. ¶¶ 15-43.  Accordingly, because defendant James Sanchez is

United States District Court
For the Northern District of California

4

no longer in default, the Court DENIES J & J's motion for default judgment against Familia Sanchez WITHOUT PREJUDICE to renewal at the conclusion of the case on the merits. *Cf. Garamendi v. Henin*, 683 F.3d 1069, 1083 (9th Cir. 2012) (stating that the district court followed the proper procedure where the court waited until completion of the trial against the non-defaulting defendants before fixing damages and entering default judgment against the defaulting defendant).

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant James Sanchez's motion to set aside the entry of default and DENIES WITHOUT PREJUDICE J & J's motions for default judgment. Docket Nos. 13, 21, 29. **In addition, the Court CONTINUES the initial case management conference to Tuesday, December 10, 2013 at 2:30 p.m.**

**IT IS SO ORDERED.**

Dated: December 3, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California